UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JOE HOUSTON, Individually, :
 :
   Plaintiff, :
 :
v. : Case No.
 :
7-ELEVEN, INC., :
 :
   Defendant. :
_____/ :
 :
 :
 :

## __COMPLAINT__
(Injunctive Relief Demanded)

  Plaintiff, JOE HOUSTON, Individually, on his behalf and on behalf of all other individuals

similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, 7-ELEVEN,

INC., (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation

expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

("ADA").

1.  Plaintiff  is a Florida resident, lives in Broward County, is sui juris, and qualifies as

   an individual with disabilities as defined by the ADA.  Plaintiff is unable to engage

   in the major life activity of walking. Instead, Plaintiff is bound to ambulate in a

   wheelchair and has limited use of his hands.

2.  Defendant owns, leases, leases to, or operates a place of public accommodation as

   defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a)

   and 36.104. The Defendant owns, operates, leases or leases  a chain of stores under

the name of 7-Eleven throughout the State of Florida. This includes the 38 stores listed below (hereinafter "property" "facility" or "store").

(1)     2520 Northbrooke, Naples
(2)     330 Kings Hwy, Port Charlotte
(3)     1240 Venice Ave.  East Venice
(4)     2200 S. Tamiami Trail, Venice Fl
(5)     15999 North Cleveland, North Ft. Myers
(6)     798 DEL PRADO BLVD NORTH, Cape Coral
(7)     916 Pondella Rd., North Ft. Myers
(8)     6326 Bear Dr. , North Ft. Myers
(9)     1802 Victoria Ave. , Ft. Myers
(10)    1588 Colonial Blvd., Ft. Myers
(11)    5324 S. Cleveland Ave., Ft. Myers
(12)    12750 S. Cleveland Ave., Ft. Myers
(13)    11700 S. Cleveland Ave., Ft. Myers
(14)    6100 Daniels Pky. Ft. Myers
(15)    9651 Cypress Lake Dr., Ft. Myers
(16)    16450 S. Tamiami Trail, Ft. Myers
(17)    8600 Alico Rd,. Ft. Myers
(18)    1353 3rd St. South, Naples
(19)    1480 North Airport Rd,. Naples
(20)    2135 Tamiami Trail Ea, Naples
(21)    1183 Airport Rd. South, Naples
(22)    3600 N. Tamiami Trail, Naples
(23)    4612 N. Tamiami Trail, Naples
(24)    5320 Tamiami Trail, Naples
(25)    2490 Vanderbilt Beach, Naples
(26)    1301 Estero Blvd., Ft Myers Bch
(27)    3051 Estero Blvd., Ft. Myers Bch.
(28)    6221 Estero Blvd., Ft. Myers Bch.
(29)    7120 Estero Blvd., Ft. Myers Beach
(30)    2549 MLK Blvd., Fort Myers
(31)    4831 E. Tamiami Trl., Naples
(32)    7445 Davis Blvd., Naples
(33)    860 7th Av. N., Naples
(34)    31 9th St. N., Naples
(35)    12661 Bonita Beach Rd., Bonita Springs
(36)    1324 US. 19, Holiday
(37)    6104 S. Tamiami Trl., Sarasota
(38)    3437 US. Hwy, 19, Holiday

2

3.        Venue is properly located in the Middle District of Florida because some of the subject properties are located in the Southern District.

4.        Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5.        As the owner, lessor, lessee, or operator of the subject premises, Defendant is required to comply  with the ADA.  To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"),  the owner, lessor, lessee, or operator  has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182.  To the extent that the property, or portions thereof, were constructed prior to January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator  was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183.  To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facilty"), the owner, lessor, lessee, or operator  was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily  accessible to and usable by persons with disabilities.

6.        Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in

Appendix A to 28 C.F.R. part 36 ("ADAAG").  Pursuant to 28 C .F.R. part 36.404,

all altered facilities were required to comply  with the ADAAG to the maximum

extent feasible.  Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with

barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the

ADAAG to the maximum extent feasible.  Failure to comply with these requirements

constitutes a violation of the ADA.

7.      A preliminary inspection of the subject stores has shown that violations exist.  These

violations include, but are not limited to:

(1)     7-Eleven #32794, located at 2520 Northbrooke, Naples.   The side grab bar
        is obstructed.   Amenities are improperly located.  Pipes are not completely
        wrapped. The commode is improperly located. There is an unsecured floor
        mat.  The ground surfaces are broken and cracked. The curb ramp is non-
        compliant.

(2)     7-Eleven #32200, 330 Kings Hwy, Port Charlotte. In the restroom, the sink
        pipes are unwrapped. The flush control is on the wrong side.  The side grab
        bar is obstructed. Amenities are improperly located. There is an unsecured
        floor mat. The access aisle has cracked and uneven ground surfaces.

(3)     7-Eleven #19194, 1240 Venice Ave.  East, Venice. The access aisle and
        parking space are improperly sloped,  have uneven ground surfaces and a
        hazardous utility cover.  The curb ramp/ramp is non-compliant. The
        passageway to the restroom is overly narrow.  The restroom lacks complaint
        grab bars. The commode is too far from the wall.  The flush control is on the
        wrong side.  The door hardware is improper.  The door is too narrow and
        obstructed by a trash can. The restroom has insufficient maneuvering space
        and obstructions.  Pipes are unwrapped.  Amenities are improperly located.
        The sink and commode are both completely inaccessible. There is an
        unsecured mat at the entrance.

(4)     7-Eleven #22859, 2200 S. Tamiami Trail, Venice.  The curb ramp/ramp is
        non-compliant. Ground surfaces are cracked and uneven. In the restroom,
        sink pipes are unwrapped. Hardware is non-compliant. The flush control is
        on the wrong side. There is a lack of compliant grab bars. Amenities are

4

improperly located.  Door hardware is improper. The toilet paper dispenser obstructs the side grab bar. There is an unsecured floor mat.

(5)     7-Eleven #32296, 15999 North Cleveland, North Ft. Myers.  The sink pipes are unwrapped.  Flush control is on the wrong side. The side grab bar is obstructed. Amenities are improperly located. There is a lack of compliant grab bars.  The floor mat is unsecured. The ramp/curb ramp is non-compliant.

(6)     7-Eleven #24542, 798 DEL PRADO BLVD NORTH, Cape Coral.  In the restroom, there are obstructions. Amenities are improperly located. Sink pipes are unwrapped. The grab bars are obstructed.  The grab bars are non-compliant.  There is an unsecured floor mat. Ground surfaces are broken, cracked, and uneven.  The pathway leading from the parking space to the entrance is inaccessible, with improper slopes.

(7)     7-Eleven #25084, 916 Pondella Rd.,  North Ft. Myers.  Sink pipes are unwrapped. The restroom has insufficient maneuvering space and obstructions. There is a lack of compliant grab bars. Flush control is on the wrong side. There is a hazardous drain on the floor. Amenities are improperly located.  There is an unsecured floor mat.

(8)     7-Eleven #17148, 6326 Bear Dr., North Ft. Myers. The restroom door is too narrow. Sink hardware is improper. Pipes are unwrapped. There are obstructions in the restroom. Amenities are improperly located. The commode has no grab bars. There is an insufficient amount of maneuvering space.  Outside, the ground has uneven surfaces. There is an unsecured floor mat.  The access aisle is non-compliant.

(9)     7-Eleven #10286, 1802 Victoria Ave., Ft. Myers.  The curb ramp/ramp is non-compliant.  The restroom door has improper hardware, is too narrow, and is obstructed. Pipes are unwrapped. There is insufficient maneuvering space. Amenities are improperly located.  There are no grab bars. The commode is improperly located.  There is an unsecured floor mat.

(10)    7-Eleven #32209, 1588 Colonial Blvd., Ft. Myers.  The pipe wrapping is coming undone.  There is a lack of compliant grab bars.  Amenities are improperly located. The curb ramp/ramp is non-compliant. Ground surfaces are broken and uneven.  There is an unsecured floor mat.

(11)    7-Eleven #25668, 5324 S. Cleveland Ave., Ft. Myers.  The restroom door is too narrow. Sink pipes are unwrapped.  The grab bars are obstructed and non-compliant.  Amenities are improperly located.     There is insufficient

maneuvering space in the restroom and obstructions.  There is an unsecured floor mat. Ground surfaces are uneven.

(12)    7-Eleven #34153, 11700 S. Cleveland Ave., Ft. Myers.    The flush control is on the wrong side. Pipe wrapping under the sink has fallen off.  The grab bars are non-compliant and obstructed. Amenities are improperly located. The passage to the restroom is obstructed by a lottery display.  There is an unsecured floor mat.  The parking space and access aisle are non-compliant and improperly sloped.  The passageway to the entrance/curb ramp/ramp are improperly sloped.

(13)    7-Eleven #33087, 12750 S. Cleveland Ave.,  Ft. Myers.  The curb approach is non-compliant and improperly sloped. The restroom door is non-compliant, with improper hardware. The flush control is on the wrong side. The side grab bar is obstructed.  Some of the pipe wrapping has slipped off. Amenities are improperly located.

(14)    7-Eleven #32781, 6100 Daniels Pky., Ft. Myers.   Racks obstruct the passageway to the restroom. There is insufficient maneuvering space.  The pipe wrapping has come undone. Amenities are improperly located. There is an unsecured floor mat.   The curb ramp/ramp is non-compliant.   Ground surfaces are broken and uneven.

(15)    7-Eleven #32247, 9651 Cypress Lake Dr., Ft. Myers.  Pipes are unwrapped. Amenities are improperly located.  Grab bars are non-compliant and obstructed. Required maneuvering spaces and doorway are obstructed.  Floor mat is unsecured. The parking space and access aisle, ramp/curb ramp and passageway to the entrance are non-compliant and improperly sloped.

(16)    7-Eleven #26870, 16450 S. Tamiami Trail, Ft. Myers.  The curb ramp/ramp is non-compliant.  Ground surfaces are uneven. In the restroom, the door has improper hardware.  Amenities are improperly located. The commode is inaccessible and has no grab bars. Sink pipes are unwrapped and sink hardware is improper. The parking space/access aisle are non-compliant and improperly sloped.

(17)    7-Eleven #34154, 8600 Alico Rd., Ft. Myers.  The commode lacks compliant grab bars. Amenities are improperly located. Sink pipe wrapping is improper and pipes are exposed.  The parking space, access aisle and pathway to the entrance are non-compliant, with improper slopes.

(18)    7-Eleven #10320, 1353 3rd St. South, Naples.  The commode is obstructed, has a flush control on the wrong side and lacks compliant grab bars. The

restroom lacks sufficient maneuvering space and has obstructions. The doorway is too narrow and has improper hardware. Pipes are unwrapped and amenities are improperly located.  The pathway to the restroom is obstructed by stored equipment on the outside and a trash can on the inside. Ground surfaces in the parking and access aisle are broken and uneven.

(19)    7-Eleven #20991, 1480 North Airport Rd., Naples.   The restroom has insufficient maneuvering space and obstructions.   There is a lack of compliant grab bars and one grab bar is obstructed. Amenities are improperly located.  The doorway is too narrow and obstructed.  There is an unsecured floor mat. Ground surfaces are uneven.

(20)    7-Eleven #32231, 2135 Tamiami Trail Ea, Naples.   The commode is improperly located, with non-compliant grab bars and flush control on the wrong side. The pipe wrapping has come undone and pipes are exposed. Amenities are improperly located. One grab bar is obstructed.  There is insufficient maneuvering space.  The parking space and route to the entrance is non-compliant, with excessive slopes.  There is an unsecured floor mat.

(21)    7-Eleven #24289, 1183 Airport Rd. South, Naples. The parking space, access aisle, curb ramp/ramp are non-compliant, with uneven ground surfaces and improper slopes.  There is no apparent access aisle. In the restroom, amenities are improperly located.  Sink pipes are poorly wrapped and have exposed pipes.   There is insufficient maneuvering space.

(22)    7-Eleven #10293, 3600 N. Tamiami Trail, Naples.  In the restroom, the door is too narrow and knob is non-compliant.  Pipes are poorly wrapped and partially exposed.  Grab bars are non-compliant.  Amenities are improperly located. Maneuvering space is insufficient and obstructed.  Outside, there is an unsecured mat.

(23)    7-Eleven #34148, 4612 N. Tamiami Trail, Naples.  In the restroom, the door is too narrow, is obstructed and has improper hardware.  There is insufficient maneuvering space and obstructions.  There is a lack of compliant grab bars and one is obstructed. Amenities are improperly located.  Flush control is on the wrong side.  Sink pipes are unwrapped.  Outside, there is an unsecured floor mat.  The parking/access aisle/route to facility are non-compliant and have improper slopes.

(24)    7-Eleven #25386, 5320 Tamiami Trail, Naples.  In the restroom, the door is too narrow, has improper hardware and obstructed.   The restroom lacks sufficient maneuvering space and is obstructed.  Sink pipe wrapping has fallen apart and pipes are exposed. There is a lack of sufficient grab bars. One

grab bar is obstructed. Amenities are improperly located.  Outside, there is an unsecured floor mat. The parking space, access aisle, curb ramp/ramp and route to entrance are non-compliant and excessively sloped.  There is a hazardous grate in the way.

(25)   7-Eleven #34856, 2490 Vanderbilt Beach, Naples.  The curb ramp/ramp is non-compliant.  The parking space handicap sign is missing.  The restroom door is obstructed by a lottery display and racks. In the restroom, pipes are unwrapped. Amenities are improperly located.  There is an unsecured floor mat.

(26)   7-Eleven #10319, 1301 Estero Blvd., Ft Myers Bch. In the restroom, the commode is improperly located, lacks compliant grab bars, and the flush control is on the wrong side.  The door has improper hardware and is obstructed. The sink has unwrapped pipes and stored items. Amenities are improperly located. Merchandise aisles have obstructions. Outside, there is an unsecured floor mat.  The curb approach is non-compliant and has excessive slopes.

(27)   7-Eleven #24394, 3051 Estero Blvd., Ft. Myers Bch.  In the restroom, sink pipes are unwrapped. The commode has a flush control on the wrong side, is improperly located and lacks compliant grab bars. One grab bar is obstructed. Amenities are improperly located.  There is insufficient maneuvering space through the doorway to the restroom and in the restroom and these spaces are obstructed.  Outside, there is an unsecured floor mat.  The access aisle, curb approach/ramp/curb ramp are non-compliant and improperly sloped.

(28)   7-Eleven #10292, 6221 Estero Blvd., Ft. Myers Bch.  Inside the restroom, the door has improper hardware, is too narrow and obstructed.  Sink pipes are unwrapped.  There are no grab bars. The maneuvering space is insufficient and obstructed. Amenities are improperly located.  The pathway to the restroom is obstructed by stored equipment.  The curb ramp/ramp is non-compliant and excessively sloped.

(29)   7-Eleven #24141, 7120 Estero Blvd., Ft. Myers Beach.  Inside the restroom, the door has improper hardware, is too narrow and obstructed. Sink pipes are unwrapped.  There are no grab bars. Amenities are improperly located. The maneuvering space is insufficient and obstructed.  The commode is improperly located.  There are obstructions narrowing the aisles between merchandise.  The parking and route to the entrance are non-compliant, with improper signage, no access aisle, uneven surfaces, excessive slopes and improper ramp/curb ramp. There is an unsecured floor mat.

(30)    7-Eleven #34483, 2549 MLK Blvd., Fort Myers.  In the restrooms, obstructions impede into the required maneuvering spaces. Flush control is on the wrong side. Pipes are unwrapped.  The pipe wrapping had fallen apart. The doorknob is non-compliant.  In the merchandise aisles, there are obstructions impeding the pathway. There is an unsecured floor mat. Outside, ground surfaces are broken and uneven.

(31)    7-Eleven # 30012, 4831 E. Tamiami Trl., Naples.  In the merchandise aisles, there are obstructions impeding the pathway. Sink pipes are unwrapped. There is a lack of compliant grab bars. Amenities are improperly located. The maneuvering space is insufficient and obstructed.  The restroom door sticks.  Outside, the curb ramp/ramp is non-compliant. The parking space is not located closest to the entrance. There is an unsecured floor mat.

(32)    7-Eleven # 32295, 7445 Davis Blvd., Naples.  In the restroom, the pipe wrapping is sloughing off and pipes are already partially exposed. Amenities are improperly located.  Flush control is on the wrong side. The commode is improperly located. The curb ramp/ramp is non-compliant.

(33)    7-Eleven #10318, 860 7th Av. N., Naples. The passageway to the restroom is too narrow . In the restroom, the pipe wrapping is sloughing off and pipes are already partially exposed.  There is insufficient maneuvering space in the restroom, with obstructions. There is a lack of compliant grab bars. Amenities are improperly located.  The restroom door is too narrow. Outside, there is an unsecured floor mat.  The curb ramp/ramp is non-compliant.

(34)    7-Eleven  #34803, 31 9th St. N., Naples. In the restroom, the sink has poles, making it inaccessible. Flush control is on the wrong side. Pipe wrapping is sloughing off.  The restroom door is impeded by the lottery display. Outside, there is an unsecured floor mat. The pathway is obstructed by a trash can.

(35)    7-Eleven # 34890, 12661 Bonita Beach Rd., Bonita Springs.  Inside the restroom, the flush control is on the wrong side.  Pipe wrapping is sloughing off. There are obstructions impeding the maneuvering spaces. Amenities are improperly located.   There is insufficient maneuvering space and obstructions.  Outside, there is an unsecured floor mat.

(36)    7-Eleven  # 26943, 6104 S. Tamiami Trl., Sarasota.  Inside the restroom, pipes are unwrapped. Amenities are improperly located. There is insufficient maneuvering space in the restroom, with obstructions. One grab bar is obstructed.  There is a lack of compliant grab bars. Outside, there is an unsecured floor mat.  The curb ramp/ramp is non-compliant.

9

(37)   7-Eleven #32852, 3437 US. Hwy, 19, Holiday. The restroom door hardware is non-compliant. The sink pipes are unwrapped.   The side grab bar is obstructed. Amenities are improperly located.   The commode is improperly located.   There is insufficient maneuvering space in the restroom, with obstructions.   Outside, the curb ramp/ramp is non-compliant.

(38)   7-Eleven #34284, 1324 US. 19, Holiday.   In the restroom, the sink pipes are unwrapped.   The flush control is on the wrong side. Door hardware is improper.   There is insufficient maneuvering space in the restroom, with obstructions.   The door to the restroom is obstructed by stored goods.   The parking is non-compliant, with improper slopes. There is an unsecured door mat.

8.        Defendant engages in a nationwide and statewide pattern and practice of ignoring its ADA obligations and waiting until a particular store is sued. Defendant then and only then endeavors to bring the facility into compliance.

9.        By ignoring its ADA violations until sued, Defendant has a policy of discriminating against all disabled persons nationwide and statewide.

10.      Defendant's stores nationwide and statewide are replete with substantially similar or identical violations.   These include, but are not limited to: non-compliant parking, non-compliant access aisles, non-compliant signage, unsecured floor mats, obstructions, improper curb approaches, broken concrete, broken asphalt, missing signs, inaccessible routes to restrooms, inaccessible doorways, inaccessible passageways, narrow merchandise aisles, inaccessible counters, inaccessible door hardware, inaccessible sinks, inaccessible sink hardware, unwrapped sink pipes,

inaccessible sinks, improperly located amenities, lack of maneuvering space, inaccessible commodes, and lack of compliant grab bars.

11.        Defendant fails to adhere to a policy, practice and procedure to ensure that its goods, services and facilities are readily accessible to and usuable by disabled persons and fails to maintain its features to ensure that they are usable and accessible by the disabled.

12.        Defendant intentionally and wantonly discriminates against the disabled.

13.        Plaintiff has visited the 38 stores listed above and plans to return to them to avail himself of the goods and services offered to the public at the property, and to determine whether they have been made ADA compliant. The Plaintiff has encountered barriers at the subject stores which discriminate against him on the basis of his disability.

14.        In the alternative, Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

15.        The violations present at Defendant's facility, create a hazard to Plaintiff's safety.

16.        Plaintiff is continuously aware of the violations at Defendant's facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless he is willing to suffer additional discrimination.

17.        The violations present at Defendant's facility infringe Plaintiff's right to travel free of discrimination.  Plaintiff has suffered, and continues to suffer, frustration and

humiliation as the result of the discriminatory conditions present at Defendant's facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.  By encountering the discriminatory conditions at Defendant's facility, and knowing that it would be a futile gesture to return unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel.  By maintaining a public accommodation with violations, Defendant deprives plaintiff the equality of opportunity offered to the general public.

18.     Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

19.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA  with respect to this property as described but not necessarily limited to the allegations in paragraph 7 of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Plaintiff desires to visit the 7-Eleven stores not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with

12

the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

20.    The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

21.    The discriminatory violations described in paragraph 7 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

22.    Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in

violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

23.      Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

24.      Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter its stores to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.       The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

14

b.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; to implement a policy, practice and procedure to ensure that all 7-Eleven stores in Florida are brought into compliance with the ADA; to maintain all accessible features statewide to ensure that they remain readily accessible and usable by the disabled.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Respectfully Submitted,

August 6, 2014

Thomas B. Bacon, P.A.
4868 S.W. 103rd Ave.
Cooper City,  FL 33328
954-478-7811
fx 954-237-1990
tbb@thomasbaconlaw.com
Florida Bar. Id. No. 139262

By: _____

Thomas B. Bacon, Esq.

16