UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOE HOUSTON,

    Plaintiff,

v.                                Case No: 2:14-cv-441-FtM-29CM

7-ELEVEN, INC.,

    Defendant.

### ORDER

Before the Court is Defendant 7-Eleven, Inc.'s Motion for a Temporary Stay of Discovery and Protective Order (Doc. 35, "Motion to Stay/Protective Order"), and Plaintiff's Memorandum in Opposition (Doc. 36). Defendant seeks to stay discovery in this matter until the Court rules on its pending Motion to Dismiss Plaintiff's Complaint. Doc. 9. Defendant also requests a protective order to protect it from having to respond to pending discovery requests that Plaintiff has already served. For the reasons stated herein, the Motion to Stay/Protective Order is denied and Defendant will be afforded additional time to respond to Plaintiff's discovery requests.

    I.    Background

Plaintiff's Complaint brings one count for violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging that 38 of Defendant's stores are in violation of the ADA. Doc. 1. On October 14, 2014, Defendant filed a Motion to Dismiss, mounting both a facial and factual attack to the Complaint, asserting failure to state a claim, lack of standing, and pleading insufficiencies. Doc.

9. The Court has not yet entered a schedule in this matter, however, the parties have filed their Case Management Report. Doc. 34.

## II. Analysis

While motions to stay discovery may be granted pursuant to Federal Rule 26(c), the moving party bears the burden of showing good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). In *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1983), the Eleventh Circuit noted that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* at 1367 (footnote omitted). "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*; *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002). *Chudasama* does not stand for the proposition, however, that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP*, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'" *Id.* (citing *In re Winn Dixie Stores, Inc.*, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the

possibility that the motion will be granted and entirely eliminate the need for such discovery. *McCabe,* 233 F.R.D. at 685. To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and quotation marks omitted).

Defendant argues that good cause exists to grant the stay because they have made a likely meritorious facial and factual challenge to Plaintiff's Complaint; and if discovery goes forward, unnecessary costs will be incurred. Defendant further asserts that it will be prejudiced if it has to respond to Plaintiff's discovery requests because Plaintiff's claims have no factual support for standing and Plaintiff is using vague and false allegations to harass Defendant and force it to incur significant legal cost and pay an undeserved settlement. Plaintiff responds that a stay of discovery will result in significant prejudice to his case because it is not a foregone conclusion that the Motion to Dismiss will be granted. Rather, he argues, the Court could dismiss the Complaint and allow him to amend, or deny it, as other judges have done in these cases. *See Houston v. 7-Eleven*, 8:13-cv-1845-EAK-AEP, Doc. 193 (Oct. 30, 2014). Therefore, he asserts, discovery should move forward.

The Court has reviewed the Motion to Dismiss (Doc. 9) and Response (Doc. 26) and finds that the motion is not so clearly meritorious and truly case dispositive such that the need for discovery in this case will be entirely eliminated. The Court finds it persuasive that motions to dismiss in similar cases have been denied and have moved forward on the merits. *See, e.g.*, *Houston v. 7-Eleven*, 8:13-cv-1845-EAK-

AEP, Doc. 193 (Oct. 30, 2014); *Houston v. Hess Corp.*, 2:13-cv-152-FtM-38DNF, Doc. 56 (Mar. 10, 2014); *Houston v. Southern Mgmt. Corp.*, 2:13-cv-164-38UAM, Doc. 46 (Oct. 31, 2013). Thus, delaying discovery until the Court rules on the Motion to Dismiss will cause Plaintiff harm, and his case should go forward.[1]

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant 7-Eleven, Inc.'s Motion for a Temporary Stay of Discovery and Protective Order (Doc. 35) is **DENIED**.

2. Defendant's responses to Plaintiff's discovery requests are due on or before **March 3, 2015**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 30th day of January, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

[1] The Court finds that based upon the briefing before the Court a protective order is not appropriate at this time. Plaintiff's response did not include argument as to the appropriateness of a protective order. Doc. 36. Although Defendant may object to many of the discovery requests, it may still respond with its objections and if the parties are unable to reach an agreement, Plaintiff may file a motion to compel. Alternatively, Defendant may file a separate motion for protective order after meeting and conferring with Plaintiff, to which Plaintiff may fully respond. The Court notes that Plaintiff's discovery requests were served on December 29, 2014 and January 2, 2015 (Doc. 35 at 3); meaning Defendant's responses are coming due. Thus, the Court will *sua sponte* allow Defendant an additional 30 days to respond.